UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIT, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>          Defendant. | Case No.  14-cv-02346 JCS<br>Related Case No. 14-cv-05337 JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR FOR AN ORDER CERTIFYING THE COURT'S ORDER GRANTING CLASS CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Docket No. 177 (Case No. 14-cv-02346 JCS)<br>Docket No. 137 (Case No. 14-cv-05337 JCS) |
| GARY ALEXANDER, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>          Defendant. | |

## I.      INTRODUCTION

On September 19, 2016, the Court issued an Order granting Plaintiffs' motion for class certification ("the September 19, 2016 Order" or "Order")).  On September 30, 2016, Defendant United Behavioral Health ("UBH") filed a request for leave to file a motion for reconsideration of the Court's Order and in the alternative, asking the Court to certify an interlocutory appeal of the Order under 28 U.S.C. § 1292(b).  *See* Motion for Leave to File Motion for Reconsideration or, in the Alternative, for an Order Certifying the Court's Order Granting Class Certification for Interlocutory Appeal [Docket No. 177 in Case No. 14-cv-02346 JCS) and Docket No. 137 in Case

No. 14-cv-05337 JCS] ("Motion").  Plaintiffs have filed a response opposing UBH's request.  Having considered the parties' briefs, the Court DENIES the Motion in its entirety.[1]

## II.    ANALYSIS

### A.    Whether the Court Should Reconsider its September 19, 2016 Order Granting Class Certification

Pursuant to Civil Local Rule 7-9(a), a party may bring a motion for reconsideration of any interlocutory order "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" if the court grants leave to bring such a motion.  Rule 7-9(b) provides that in a motion for leave to file a motion for reconsideration, "the moving party must show reasonable diligence in bringing the motion, and one of the following:

> (1)  That at the time of the motion for leave, material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party . . . seeks to have reconsidered. Civ. L.R. 7-9(c).

UBH contends the Court should reconsider its Order because UBH has acted with reasonable diligence and has satisfied the requirements of subsections (1) and (3) of Local Rule 7-9(b).  In particular, it contends Plaintiffs "recast" their claims and narrowed their theory of recovery in their Reply brief and at oral argument, thereby depriving UBH of the opportunity to respond to Plaintiffs' "new" theory of the case, with the result that the Court failed to consider

---

[1] The parties in these related cases have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

2

"material facts and dispositive legal arguments" in its Order. Motion at 9-10. UBH points to Plaintiffs' stipulation at oral argument that they would drop certain theories of liability that were not common to the class, including the individual bases for the denial of individual class members' benefits, and the clarification in their Reply brief that they were no longer seeking to use their out-of-pocket costs as a basis for the surcharge remedy that they request. *See* Motion at 3-4; Order at 10 n. 10, 11. The Court rejects UBH's contentions that these stipulations resulted in significant changes in Plaintiffs' theory of the case or that UBH could not have addressed Plaintiff's theory *before* the Court issued its Order if it had acted with reasonable diligence.

First, it was clear in Plaintiffs' class certification motion that they were requesting only that the Court certify the proposed classes based on the theory that UBH abused its discretion by adjudicating class members' claims using flawed Guidelines. Plaintiffs' stated that they "challenge[d] UBH's use of a claims-determination methodology that was arbitrary and capricious because it employed a set of clinical criteria (i.e. its Guidelines) that violated plan terms." Class Certification Motion at 5-7. They also spelled out the elements of such a claim, which conspicuously did *not* reference the individualized allegations as to which Plaintiffs stipulated at oral argument they were not seeking class certification. *Id*. The Court finds UBH's suggestion that it did not understand from the class certification motion that Plaintiffs were seeking to certify classes only to pursue process claims is unpersuasive.

Second, with respect to Plaintiffs' theory on the surcharge remedy, Plaintiffs expressly stated in their Reply brief that they were not seeking a surcharge based on class members' out-of-pocket costs. UBH was not required to request leave to respond to this clarification prior to oral argument (though it could have done so). It had four months after the Reply brief was filed to prepare for oral argument, however, and could have presented the arguments in the Motion to the Court at oral argument, or at least requested an opportunity to file a supplemental brief on the basis that new arguments were raised in the Reply brief. UBH did not present its arguments or make such a request at oral argument. Instead, UBH waited until after the Court had issued its Order to raise these arguments for the first time.

The Court concludes that UBH has not demonstrated that it acted with reasonable

3

diligence, which is a prerequisite for bringing a motion for reconsideration under Civil Local Rule 7-9(b). On that basis alone, denial of the request for leave to file a motion for reconsideration is warranted. The Court further finds that UBH has not pointed to any "material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" or established that there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ.L.R. 7-9(b). Accordingly, the Court DENIES UBH's request for leave to file a motion for reconsideration.

### B. Whether the Court Should Certify an Interlocutory Appeal Under 28 U.S.C. § 1292(b)

Under Section 1292(b), a district court may certify an order for interlocutory review where the order involves (1) a "controlling question of law," (2) as to which there are "substantial grounds for difference of opinion," and (3) an immediate appeal may "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases . . . ." *In re Cement Antitrust Litig*. (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1981) cause dismissed sub nom. *Arizona v. U.S. Dist. Court for the Dist. of Arizona*, 459 U.S. 961 (1982) and aff'd sub nom. *Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). Thus, "an interlocutory appeal should be certified only when doing so 'would avoid protracted and expensive litigation.'" *Sullivan v. Kelly Servs., Inc.*, No. C 08-3893 CW, 2010 WL 1445683, at *1 (N.D. Cal. Apr. 7, 2010) (quoting *In re Cement*, 673 F.2d at 1026; *Mateo v. M/S Kiso*, 805 F.Supp. 792, 800 (N.D.Cal.1992)). "If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified." *Id*. (citing *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir.1988)).

UBH has not met the requirements for invoking Section 1292(b). It points to the substantive arguments it seeks to raise in a motion for reconsideration as involving controlling questions of law as to which there are substantial grounds for differences of opinion, but these issues were not timely raised and were not addressed in the Court's order. Moreover, the Court

1    concludes that this is not the sort of "exceptional" situation that warrants interlocutory review.

2    First, UBH's argument that the alleged narrowing of Plaintiffs' claims will result in
3    manifest injustice to absent class members is unpersuasive given that under the doctrine of *res*
4    *judicata* adjudication of claims that are common to a class does not preclude subsequent litigation
5    of *individual* claims that were not pursued by the class.  *See Akootchook v. United States*, 271 F.3d
6    1160, 1164 (9th Cir. 2001) (holding that adjudication of class claims did not preclude class
7    members from subsequently pursuing individual claims and noting that a contrary result "would
8    destroy the purpose of class actions under Rule 23(b)(2) [because] [i]f all class members had to
9    bring their own individual claims in addition to the common class claims, it would destroy the
10   efficiency of having class actions and reduce the benefit of joining such a suit.").

11   Nor is the Court persuaded by UBH's contention that the Class Certification Order violates
12   the Rules Enabling Act by allowing Plaintiffs to "so narrow their ERISA claims for denial of
13   benefits . . . that they no longer contend the necessary elements of those claims." *See* Motion at
14   10-11.  UBH's position is premised on the assumption that ERISA provides a remedy only for a
15   wrongful denial of benefits.  Yet ERISA provides broader rights and remedies to plan members
16   and beneficiaries.  S*ee* ERISA 29 U.S.C. § 1132(a)(1) & (3) (allowing an ERISA plan beneficiary
17   or participant to bring a civil action to "recover benefits due to him under the terms of his plan, to
18   enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the
19   terms of the plan" or "to enjoin any act or practice which violates any provision of this subchapter
20   or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such
21   violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.").
22   Therefore, the Court does not find that the questions now (untimely) raised by UBH with respect
23   to the Rules Enabling Act are serious enough to warrant certification of the Court's Order for
24   interlocutory review under Section 1292(b).

## III. CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 12, 2016

```
_____
JOSEPH C. SPERO
Chief Magistrate Judge
```